UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MIGUEL ANGEL MERCADO,** *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>**CARMEL PARTNERS CONSTRUCTION,** *et al.*<br><br>Defendants. | Civil Action No. 22-cv-3083 |

**OPINION AND ORDER**

Plaintiffs move for judgment of condemnation against garnishee Bank of America for $21,240.24. Pls.' Mot. for J. of Condemnation Against Garnishee at 1–3, ECF No. 49-1. For the reasons below, the court will GRANT Plaintiffs' Motion.

A money judgment may be enforced by writ of execution in accordance "with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). In the District of Columbia, a plaintiff may seek a writ of attachment against a defendant by a third-party garnishee. D.C. Code §§ 16-544, 16-546 (1963). A court may issue a writ of attachment either before, at the same time, or after a writ of execution. *Id.* § 16-542. The writ of attachment may be served on the garnishee with interrogatories, asking the garnishee "about any property of the defendant in his possession or charge, or indebtedness of his to the defendant." *Id.* § 16-552(a). "Service of the writ on the garnishee creates a valid lien in favor of the judgment creditor on the debtor's property held by the garnishee." *Consumers United Ins. Co. v. Smith*, 644 A.2d 1328, 1352 (D.C. 1994). The garnishee must file its answers to the interrogatories within ten days of being served. D.C. Code § 16-552(a).

A plaintiff has four weeks from the date of the answer to move for the entry of judgment against the garnishee. D.C. Super. Ct. R. Civ. P. 69-I(e)(2); *United States v. All Assets Held at Bank Julius Baer & Co.*, 772 F. Supp. 2d 191, 203 (D.D.C. 2011) (stating that a lien is not final until the plaintiff, "after serving the writ of attachment, move[s] for the entry of judgment against the garnishee"). If the garnishee admits to possessing credits of the defendant in its answer to the interrogatories, judgment must be entered against the garnishee "for the amount of credits admitted or found, not exceeding the amount of the plaintiff's judgment, and costs, and execution shall be had thereon not to exceed the credits in his hands." D.C. Code § 16-556(a).

Plaintiffs complied with this procedure and timely moved for execution. On September 20, 2024, this court entered judgment jointly and severally against Defendants J&D Plumbing of DC LLC and Jonathan M. Rivadeneira Chavez for $50,036.24. *See* Mem Op. at 9, 15, ECF No. 34; ECF No. 35. On October 28, 2024, Plaintiffs sought writs of attachment other than wages, salary, and commissions from garnishee Bank of America—one for each Defendant. *See* D.C. Code § 16-544; D.C. Super. Ct. R. Civ. P. 69-I(e)(2); ECF Nos. 41, 42. On October 29, 2024, Plaintiffs served the writs on Bank of America along with interrogatories. *See* D.C. Code § 16-546; ECF Nos. 45, 47. On November 4, 2024, Plaintiffs timely received Bank of America's answers, which stated that it was holding $14,133.99 in assets belonging to Defendant J&D Plumbing, Ex. 1 at 2, ECF No. 49-2, and $7,106.25 in assets belonging to Defendant Chavez, Ex. 2 at 2, ECF No. 49-2. Plaintiff moved for condemnation on November 20, 2024, 8 days later—well within the 4-week statutory window. D.C. Super. Ct. R. Civ. P. 69-I(e)(2); ECF No. 49-1.

Therefore, Plaintiff's Motion for Judgment of Condemnation Against Bank of America is GRANTED for $21,240.24, ECF No 49-1. Garnishee Bank of America must make $21,240.24 payable to the "O'Donoghue & O'Donoghue LLP IOLTA Account" on behalf of the

Plaintiffs/Judgment Creditors and mail it to Plaintiffs' attorney, O'Donoghue & O'Donoghue LLP, c/o Jacqueline Canzoneri, 5301 Wisconsin Ave., NW, Suite 800, Washington, D.C. 20015.  It is so **ORDERED.**

Date: April 30, 2025

                                                *Tanya S. Chutkan*
                                                TANYA S. CHUTKAN
                                                United States District Judge